IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONY MCCALL, | ) | CASE NO.  1:18-CV-02835-JGC |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JAMES G. CARR |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| CHARLES BRADLEY,  WARDEN, | ) | JONATHAN D. GREENBERG |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION (Doc.** |
| | ) | **Nos. 8, 9, 10, 12) and ORDER (Doc. No. 9)** |
| | ) | |

This matter has been referred to the undersigned United States Magistrate Judge for preparation of a Report and Recommendation pursuant to Local Rule 72.2(b)(2).  Before the Court is the Petition of Tony McCall ("McCall" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. McCall is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the cases *State v. McCall*, Cuyahoga County Court of Common Pleas Case Nos. CR-166002 and CR-166093.

Before the Court is Respondent Charles Bradley's Motion to Dismiss the Petition.  (Doc No. 8.) Also before the Court are McCall's Motion to Compel Production of Documents to Expand the Record, Motion for Leave to Conduct Discovery, and Request for Evidentiary Hearing.  (Doc. No. 9.)  For the reasons that follow, it is recommended that Respondent's Motion to Dismiss be GRANTED and the Petition be DISMISSED as time-barred.  McCall's motion to expand the record is GRANTED IN PART AND DENIED IN PART.  McCall's Motions to Compel, for Leave to Conduct Discovery, and for an Evidentiary Hearing are DENIED.

## I.      Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011).  The Ohio Court of Appeals summarized the facts underlying McCall's conviction as follows:

> [¶ 2] Appellant Tony McCall plead guilty to two charges of voluntary manslaughter in March 1982, and was sentenced to consecutive terms of five to twenty-five years' and six to twenty-five years' imprisonment. He did not appeal these convictions. However, in January 2002, McCall filed petitions for post-conviction relief in each case, urging the court to modify his sentences so that they would be served concurrently. The state moved to dismiss both petitions as untimely. The court denied the petitions in orders entered March 4, 2002.

*State v. McCall*, 2002-Ohio-4039, 2002 WL 1822203, at *1 (Ohio Ct. App. Aug. 8, 2002).

## II. Procedural History

### A.      Trial Court Proceedings

On July 14, 1981, McCall was arraigned in the Cuyahoga County Court of Common Pleas in Case Nos. CR-166002 and CR-166093.  (Doc. No. 8-1, Ex. 1, 2.)  On March 1, 1982, he withdrew his former not guilty pleas, and entered guilty pleas to two counts of voluntary manslaughter.  (*Id.*)  On March 2, 1982, the Court sentenced McCall to 5-25 years on one count and 6-25 years on the second count, to be served consecutively, for a total aggregate of 11 to 50 years.  (*Id.*)  McCall failed to appeal these convictions.

In September 2001, McCall filed requests for transcripts at the expense of the State.  (*Id.*)  The trial court denied McCall's requests in October 2001.  (*Id.*)  McCall filed another request for transcripts on December 17, 2001, which the trial court denied in an entry filed on December 31, 2001.  (*Id.*)

2

**B.**     **Post-Conviction Motions**

On January 28, 2002, McCall filed petitions for post-conviction relief in each case.[1]  (*Id.*)  The trial court denied McCall's petitions for post-conviction relief on March 4, 2002.  (*Id.*)  On March 19, 2002, McCall filed Notices of Appeal of the trial court's denial of his post-conviction petitions.  (*Id.*)  On August 8, 2002, the state appellate court affirmed the trial court's denial of McCall's petitions for post-conviction relief.  *State v. McCall*, 2002-Ohio-4039, 2002 WL 1822203, at *1.  McCall failed to appeal the state appellate court's decision to the Supreme Court of Ohio.  (Doc. No. 8-1, Ex. 1, 2.)

On December 31, 2015, McCall filed a motion seeking judicial release on shock probation in Case No. CR- 166093, which the trial court denied on January 11, 2016.  (Doc. No. 8-1, Ex. 2.)  On February 1, 2016, McCall "resubmitted" his request for release on shock probation.  (*Id.*)  On March 7, 2016, the trial court refused to process McCall's request, as his "underlying conviction is not statutorily eligible for any consideration of super shock or judicial release."  (*Id.*)

On October 7, 2016, McCall filed a petition for writ of mandamus in the Supreme Court of Ohio seeking certain public records related to his criminal cases, "including disclosure of documented and/or written data and letters of communications by agents of the Cuyahoga County, Ohio Prosecuting Attorney's Office with the agents of the Ohio Adult Parole Authority ('OAPA') in regards to only communications concerning the State of Ohio's 'opposing the defendant being granted parole.'"  (Doc. No. 8-1, Ex. 3.)  McCall argued "[t]he State of Ohio's opposition to McCall receiving parole was NOT a part of his guilty plea contract/agreement."  (*Id.* at ¶7). On December 28, 2016, the Supreme Court of Ohio dismissed the case.  (Doc. No. 8-1, Ex. 4.)

---

[1] Respondent asserts McCall's post-conviction petitions sought "an order to have his sentences imposed concurrently."  (Doc. No. 8 at 4 (citing Doc. No. 8-1, Ex. 1, 2)).  The state appellate court's decision reflects this was the relief McCall sought.  *State v. McCall*, 2002-Ohio-4039, 2002 WL 1822203, at *1.

On February 13, 2017, McCall filed a "Post-Sentence Motion to Withdraw Guilty Plea to Correct Manifest Injustice and to Vacate Void Sentence." (Doc. No. 8-1, Ex. 5.) McCall maintained he had been promised a sentence of 11 years, an agreement which had "been continuously violated over the years," and that the "Court ha[d] allowed McCall to involuntarily enter into an unconscionable and illusory guilty-plea contract-agreement and sentence that could never possibly be lawfully imposed nor enforced, and is contrary to law." (*Id.*) On February 22, 2017, the trial court denied McCall's motion. (Doc. No. 8-1, Ex. 6.) On February 28, 2017, McCall filed a Motion for Leave to Amend and Add Claim to the Post-Sentence Motion to Withdraw Guilty Plea to Correct Manifest Injustice and to Vacate Void Sentence. (Doc. No. 8-1, Ex. 1, 2; Doc. No. 9 at 32-36.)

McCall failed to perfect a timely appeal from the trial court's February 22, 2017 decision.

On June 28, 2017, the trial court denied as moot McCall's Motion for Leave to Amend and Add Claim to the Post-Sentence Motion to Withdraw Guilty Plea to Correct Manifest Injustice and to Vacate Void Sentence. (Doc. No. 8-1, Ex. 1, 2.)

On July 7, 2017, McCall filed a petition for writ of mandamus and procedendo in the state appellate court seeking: 1) production of the trial court's February 22, 2017 order denying his motion to withdraw his guilty plea; 2) an order directing respondents to rule on his Motion for Leave to Amend and Add Claim to his Post-Sentence Motion to Withdraw his Guilty Plea, as well as serve a copy of that order on him; and 3) production of the State's opposition to his Post-Sentence Motion to Withdraw his Guilty Plea. (Doc. No. 8-1, Ex. 8.)

On August 25, 2017, McCall filed a Notice of Appeal of the trial court's denial of his Post-Sentence Motion to Withdraw his Guilty Plea. (Doc. No. 8-1, Ex. 1, 2, 11.) On September 12, 2017, the state appellate court *sua sponte* dismissed McCall's appeal as untimely. (Doc. No. 8-1, Ex. 7.)

On October 4, 2017, McCall filed another petition for a writ of mandamus petition in the Supreme Court of Ohio, seeking, in part, that the appellate court accept his untimely appeal.   (Doc. No. 8-1, Ex. 13.)  The State moved to dismiss the petition. (Doc. No. 8-1, Ex. 14.)

On October 6, 2017, McCall filed a Notice of Appeal and Memorandum in Support challenging the appellate court's September 12, 2017, order dismissing his appeal as untimely. (Doc. No. 8-1, Ex. 10, 11.)

On October 18, 2017, the state appellate court denied McCall's July 7, 2017 writs of mandamus and procedendo, finding:

{¶ 1} On July 7, 2017, the relator, Tony McCall, commenced this mandamus and procedendo action against the respondents, Judge Steven Gall, Clerk of Courts Nailah Byrd, and the Cuyahoga County Prosecutor's Office. He seeks in the underlying cases, *State v. McCall,* Cuyahoga C.P. Nos. CR–81–166002–ZA and CR–81–166093–ZA, (1) to compel the respondents to serve him with a copy of the February 22, 2017 judgment entry denying his motion to withdraw guilty plea, (2) to compel a ruling on his motion to compel the clerk to serve the ruling, (3) to compel a ruling on his February 28, 2017 motion for leave to amend and add claims to his motion to withdraw guilty plea, (4) to compel the respondents to serve that ruling on him, and (5) to compel the prosecutor to serve him with a copy of the March 15, 2017 brief in opposition. On August 4, 2017, the respondents moved for summary judgment on the grounds of mootness. McCall filed a brief in opposition on August 29, 2017. For the following reasons, this court grants the respondents' motion for summary judgment and denies the application for writs of mandamus and procedendo.

{¶ 2} Attached to the respondents' summary judgment motion are a letter from the clerk of courts stating: "Enclosed are copies of journal entries issued 2/22/2017 in cases CR–81–160093–ZA and CR–81–166002–ZA." and the two journal entries from the underlying cases denying McCall's motions to withdraw his guilty pleas. These attachments establish that the clerk has served the journal entries upon McCall and that his motion to compel service of these entries is moot. McCall admits this in his August 29, 2017 brief.

{¶ 3} The summary judgment motion also attached certified copies of June 28, 2017 journal entries in which the respondent judge denied the motions for leave to amend the motion to withdraw guilty plea in the two

> underlying cases. These attachments establish that the judge has fulfilled
> his duty to rule on the subject motions. It also moots McCall's claim that
> the clerk serve him with copies of the rulings. An extraordinary writ will
> not issue to compel a vain act. *State ex rel. Newell v. Gaul,* 8th Dist.
> Cuyahoga No. 98326, 2012–Ohio–4068.
>
> {¶ 4} Finally, the respondent prosecutor attached his brief in opposition
> to McCall's motion for leave to amend. This attachment establishes that
> McCall's claim for service of the brief is moot.

*State ex rel. McCall v. Gall*, 2017-Ohio-8234, 2017 WL 4711402, at *1 (Ohio Ct. App. Oct. 18, 2017)

(footnote omitted).

On December 20, 2017, the Supreme Court of Ohio granted the State's motion to dismiss McCall's

October 4, 2017 petition for writ of mandamus.  (Doc. No. 8-1, Ex. 15.)

On January 31, 2018, the Supreme Court of Ohio declined to exercise jurisdiction over McCall's

appeal of the state appellate court's September 12, 2017 dismissal of his untimely appeal.  (Doc. No. 8-1,

Ex. 12.)

## C.    Federal Habeas Petition

On November 29, 2018,[2] McCall, *pro se*, filed a Petition for Writ of Habeas Corpus and asserted

the following grounds for relief:

> **Ground One**: PETITIONER WAS DENIED DUE PROCESS OF LAW IN
> VIOLATION OF AMENDMENT XIV, § 1 OF THE UNITED STATES
> CONSTITUTION WHEN FORCED TO ENTER INTO AN INVOLUNTARY,
> ILLUSORY AND UNCONSCIONABLE GUILTY PLEA CONTRACT-AGREEMENT
> WHICH TERMS THE STATE COURT AND STATE PROSECUTION COULD NOT
> LAWFULLY OR POSSIBLY ENFORCE, RENDERING THE GUILTY PLEA
> CONTRACT, CONVICTION AND SENTENCE VOID.

---

[2] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to
prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988).  While the Petition herein did not arrive at
the Court for filing until December 10, 2018, McCall executed the Petition on November 29, 2018.  (Doc.
No. 1 at 9.)  Although McCall fails to state when he placed his Petition in the prison mailing system, the
Court will construe the date McCall executed the Petition as the date he placed it in the prison mailing
system, especially since Respondent uses this date in his Motion to Dismiss.  (Doc. No. 8 at 8.)  Thus, the
Court will consider the Petition as filed on November 29, 2018.

**Supporting Facts**: When petitioner entered his guilty pleas to the lesser charges of voluntary manslaughter, and in accordance with the written plea contract as agreed to by the parties, and as stated and explained to petitioner on the record by the state trial judge, he was to receive consecutive penalties, being consecutive indefinite sentences of 5-25 and 6-25 years for a total aggregate indefinite sentence of 11-50 years; however, the state trial judge and prosecution led him to believe he would be released after serving the minimum of 11-years, rendering the plea contract illusory and unconscionable when making the maximum sentence appear as harmless surplus.  There was never any agreement to opposition to parole eligibility, nor was petitioner warned of any risk or consequence that he could be forced to serve the maximum sentence of 50 years. Petitioner did not find out until recent [sic] that the prosecution had been opposing his parole eligibility/suitability via ex parte written communications with the OAPA, in reaction to latter enacted state statutory law as recorded on the criminal docket statement.  Additionally, when petitioner sought discretionary release through an ORC § 2929.201 Motion as recently enacted by the Ohio legislature for "old law" prisoners, the prosecution made it known through written opposition to that motion that they have been opposing petitioner's release in any manner, requesting he serve the maximum sentence in violation of the plea contract.

**Ground Two**: PETITIONER WAS DENIED DUE PROCESS OF LAW IN VIOLATION OF AMENDMENT XIV, § 1 OF THE UNITED STATES CONSTITUTION WHEN THE STATE PROSECUTION UNILATERALLY MODIFIED THE PLEA CONTRACT BY OPPOSING PAROLE ELIGIBILITY/SUITABILITY THROUGH CLANDESTINE *EX PARTE* COMMUNICATIONS TO THE OHIO ADULT PAROLE AUTHORITY UNDER LATTER ENACTED OHIO STATUTORY LAW THAT DOES NOT RETROACTIVELY APPLY.

**Supporting Facts**: After being continuously denied parole following multiple parole eligibility/suitability hearings, petitioner sought vigorously from the state court to obtain his trial transcript and written plea contract to seek relief from the breach of his plea contract, to establish his burden of proof of such.  While he was denied and refused those requested records, he was provided with the criminal docketing statement recording the fact the prosecution was sending ex parte written communications to the OAPA opposing parole and requesting petitioner serve the maximum sentence.  This being done through statutory law enacted after petitioner's conviction and sentence.  This represents an unconstitutional breach of the plea contract through unilateral modification, as it was never agreed to by the parties that parole would be opposed and the maximum sentence requested.  Additionally, this fact is further evidence [sic] by the prosecution's

opposition to petitioner's ORC § 2929.201 Motion as recently enacted by the Ohio legislature for "old law" prisoners.

**Ground Three**: PETITIONER WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF LAWS IN VIOLATION OF AMENDMENT XIV, § 1 OF THE UNITED STATES CONSTITUTION WHEN DENIED COPIES OF HIS TRIAL TRANSCRIPT (Change of Plea and Sentencing Hearings), WRITTEN PLEA CONTRACT, AND THE WRITTEN *EX PARTE* COMMUNICATIONS FROM THE PROSECUTION TO THE OHIO ADULT PAROLE AUTHORITY OPPOSING PAROLE AND REQUESTING MAXIMUM SENTENCE WHEN SAID DOCUMENTS ARE NEEDED TO PROVE THE PROSECUTION BREACHED THE PLEA CONTRACT THROUGH UNILATERAL MODIFICATION.

> **Supporting Facts**: Petitioner has made several requests through written communications, motions and extraordinary writs to the common pleas, appellate and state supreme courts requesting to be provided the aforementioned documents needed to support his breach of plea contract claim in state collateral proceedings. These requests were denied at all levels.

**Ground Four**: PETITIONER WAS DENIED DUE PROCESS OF LAW IN VIOLATION OF AMENDMENT XIV, § 1 OF THE UNITED STATES CONSTITUTION WHEN THE STATE COURTS REFUSED TO TOLL THE FILING DEADLINE FOR FILING THE NOTICE OF APPEAL IN VIOLATION OF OHIO CIV. R.58(B), THOUGH OHIO CRIM. R.54 & 57.

> **Supporting Facts**: Although petitioner's Ohio Crim R. 32.1 post-sentence motion was denied on February 22nd, 2017, he was not served those judgments by the clerk of courts until July 27th, 2017.  Petitioner then filed his notice of appeal within 30-days of the aforementioned date, additionally requesting the applications of the tolling provisions of Ohio Civ. R. 58(B), through Ohio Crim. R. 54 & 57.  The Ohio Court of Appeals ignored that request, and unconstitutionally ruled the notice of appeal untimely.  Petitioner sought mandamus against the appellate court to the Supreme Court of Ohio requesting compliance with Ohio Civ. R. 58(B), through Ohio Crim. R. 54 & 57.  The Supreme Court of Ohio denied mandamus relief, thereby unconstitutionally foreclosing state appellate review.

(Doc. No. 1.)

Respondent filed a Motion to Dismiss the Petition as Time-Barred on November 29, 2019.  (Doc. No. 8.)  McCall filed a Response, which included a motion to compel production of documents to expand the record and for leave to conduct discovery, on December 27, 2019 (Doc. No. 9), to which Respondent

replied on December 30, 2019.  (Doc. No. 10.)  McCall sought and was granted leave to file a sur-reply, which he filed on January 24, 2020.  (Doc. Nos. 11, 12.)

### III. Law and Argument

**A.      Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year limitations period in a habeas action brought by a person in custody pursuant to the judgment of a State court.  Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**B.      One-Year Limitation**

Pursuant to § 2244(d)(1)(A), the AEDPA's one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Here, McCall was sentenced on March 2, 1982.  (Doc. No. 8-1, Ex. 1, 2.)  He failed to file a direct appeal.  (*Id.*)  Based on this sequence of events, Respondent argues McCall's conviction and sentence became "final" for purposes of § 2244(d)(1)(A) on April 1, 1982,[3] thirty (30) days after the state appellate court issued its decision affirming his conviction and the time to file a

---

[3] The Respondent's motion incorrectly states he was sentenced in 1981.  (Doc. No. 8 at 3.)  The record shows he was sentenced in 1982.  (Doc. No. 8-1, Ex. 1, 2.)

timely notice of appeal with the state appellate court expired. (Doc. No. 8 at 3.) Because McCall was sentenced and his conviction became final before enactment of the AEDPA, he was entitled to a one-year grace period from the date of AEDPA's enactment, or April 24, 1997, to file his federal habeas corpus petition. (Doc. No. 8 at 7) (citing cases). According to Respondent, McCall's habeas petition is over 22 years too late. (*Id.* at 8.)

Respondent states, "Arguably, McCall's Third and Fourth habeas grounds, complaining about non-cognizable actions of the state courts in his collateral actions, arose at a later start—i.e. when the state courts refused his requests for transcripts and when the appellate court denied his delayed appeal." (*Id.*) Respondent assumed a start date of July 27, 2017, the day McCall claimed "to have received the appellate court's decision rejecting his delayed appeal . . . ." (*Id.* at 9.)

McCall disputes Respondent's assertion that § 2244(d)(1)(A) applies and that his Petition (or at least Grounds One and Two) is untimely thereunder. (Doc. No. 9 at 3-13.) Rather, he maintains the applicable provision to his entire Petition is § 2244(d)(1)(D). (*Id.*)

## C. Factual Predicate

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date.

McCall asserts he did not become aware of the factual predicate of his claims until April 1, 2016, when the State filed an opposition to his Motion for Shock Probation. (Doc. No. 9 at 4-5.) Respondent maintains in his reply that even accepting this date, McCall "failed to file his instant habeas petition until over two years later, on November 29, 2018. . . . He has offered nothing that may successfully serve to either equitably or statutorily toll his AEDPA statute of limitations." (Doc. No. 10 at 2.) In addition, in the Motion to Dismiss, Respondent asserted that McCall's untimely appeal failed to toll the statute of

limitations because the state appellate court found the appeal was not properly filed in the first place. (Doc. No. 8 at 9.)

Federal courts in this Circuit have found that the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E. D. Mich. 2003). *See also Chinn v. Bergh*, Civil No. 2:13-14866, 2014 WL 3894376, at *4 (E.D. Mich. Aug. 8, 2014). Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *See Redmond*, 295 F. Supp. 2d at 771; *Chinn,* 2014 WL 3894376, at *4. Indeed, courts within this Circuit have held that "§2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond*, 295 F. Supp. 2d at 771.

A habeas petitioner has the burden of proof in persuading a federal court that he exercised due diligence in searching for the factual predicate of his habeas claims. *See DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006); *Stokes v. Leonard,* 36 Fed. Appx. 801, 804 (6th Cir.2002); *Lott v. Coyle*, 261 F.3d 594, 605-606 (6th Cir. 2001). The question of due diligence is fact specific and depends on various considerations. *See DiCenzi*, 452 F.3d at 471; *Steward v. Moore*, 555 F. Supp. 2d 858, 867 (N.D. Ohio 2008).

McCall asserts it was only after reviewing the State's opposition to his Motion for Shock Probation that he "discovered that those docketed ex parte communications (and some not docketed) were ex parte communications directly from the prosecution opposing parole eligibility/suitability and demanding the OAPA to have McCall serve the maximum fifty-year sentence." (Doc. No. 9 at 5.) Respondent does not

11

challenge McCall's assertions on this point in his reply, nor does Respondent argue McCall failed to exercise due diligence in searching for the factual predicate of his claims. (Doc. No. 10.) Therefore, the Court uses April 1, 2016 for purposes of its analysis of the timeliness of McCall's petition under § 2244(d)(1)(D). Accordingly, the Court finds the limitations period commenced on April 2, 2016, and, absent tolling, expired one year later on April 3, 2017.[4]

However, as Respondent correctly notes, the AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006); *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.*

Only "properly filed" applications for post-conviction relief or collateral review toll the statute of limitations, and "a state post-conviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S.Ct. 2, 169 L.Ed.2d 329 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, No. 2:08-cv-01168, 2009 WL 73905, at *2 (S.D. Ohio Jan. 8, 2009). A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully

---

[4] As April 2, 2017 was a Sunday, the statute of limitations expired the next business day. FED. R. CIV. P. 6(a)(1).

run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Vroman*, 346 F.3d at 602 (citation omitted).  Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling.  *See Monroe*, 2009 WL 73905, at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

On February 13, 2017, McCall filed a "Post-Sentence Motion to Withdraw Guilty Plea to Correct Manifest Injustice and to Vacate Void Sentence."  (Doc. No. 8-1, Ex. 5.)  This tolled the statute of limitations, which had run for 317 days.  *George v. Gansheimer*, No. 1:08CV2228, 2010 WL 1751998, at *3 (N.D. Ohio Apr. 27, 2010).  The trial court denied McCall's motion on February 22, 2017.[5]  (Doc. No. 8-1, Ex. 6.)  McCall failed to appeal timely.  Therefore, the statute of limitations began to run again after McCall's 30-day appeal window expired, or on March 25, 2017.  Therefore, without any additional tolling, the statute of limitations for filing a habeas petition expired on May 11, 2017.

McCall asserts he failed to receive a copy of the trial court's order denying his "Post-Sentence Motion to Withdraw Guilty Plea to Correct Manifest Injustice and to Vacate Void Sentence" until July 27, 2017.  Using the next day, July 28, 2017, as when the statute of limitations resumed,[6] the statute of limitations, absent further tolling, expired on September 13, 2017.

---

[5] As discussed *supra*, McCall filed a "Motion for Leave to Amend and Add Claim to the Post-Sentence Motion to Withdraw Guilty Plea to Correct Manifest Injustice and to Vacate Void Sentence," which the trial court denied as moot on June 28, 2017.  (Doc. No. 8-1, Ex. 1, 2; Doc. No. 9 at 32-36.)  McCall did not appeal this decision, nor does he argue that it impacts the timeliness of his Petition.  Even if this motion and decision were factored into the statute of limitations analysis, for the reasons discussed *infra*, McCall's Petition would still be untimely.

[6] The Court finds equitable tolling until this date is appropriate.  "When a petitioner, through no fault of his own, first learns of the outcome of a final appeal after the time for seeking habeas has expired, equitable tolling is appropriate."  *Erwin v. Elo*, 130 F. Supp. 2d 887, 890 (E.D. Mich. 2001) (citing *Vasquez v. Greiner*, 68 F. Supp. 2d 307, 310 (S.D.N.Y. 1999); *Baskin v. United States*, 998 F. Supp. 188, 188–189 (D.Conn.1998)).  Further, Respondent uses this date in his Motion to Dismiss as a start date "[u]nder the most generous analysis" of § 2244(d)(1)(D).  (Doc. No. 8 at 8.)

"The Sixth Circuit has ruled that a properly-filed motion for delayed appeal tolls, although it does not restart, the statute of limitations while it is pending." *Parsons v. Turner*, No. 3:12-cv-02300, 2014 WL 197781, at *4 (N.D. Ohio Jan. 14, 2014) (citing *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001); *Plaza v. Hudson*, No. 1:07cv674, 2008 U.S. Dist. LEXIS 102083, at *13, 2008 WL 5273899 (N.D. Ohio Dec. 7, 2008)).  While McCall filed a delayed notice of appeal on August 25, 2017, based on the record before the Court he failed to comply with Ohio App. R. 5.[7]  The state appellate court *sua sponte* dismissed McCall's appeal as untimely pursuant to Ohio App. R. 4 on September 12, 2017.  (Doc. No. 8-1, Ex. 7.)  Untimely appeals are "not properly filed" nor "pending" within the meaning of §2244(d)(2).  *See Monroe*, 2009 WL 73905, at *2; *Thorson*, 479 F.3d at 645.  Therefore, McCall's notice of appeal did not toll the statute of limitations.

Even assuming, *arguendo*, McCall's notice of appeal on August 25, 2017 tolled the statute of limitations, the statute of limitations began to run again on February 1, 2018 (the day after the Supreme Court of Ohio declined to accept jurisdiction over McCall's appeal)[8] and expired on February 20, 2018.[9] McCall did not file his habeas petition until November 29, 2018.

Therefore, unless further equitable tolling is appropriate, McCall's Petition should be dismissed as time-barred.

---

[7] The record does not contain McCall's notice of appeal.  (Doc. No. 8-1.)  The Respondent provided an explanation in his Motion to Dismiss concerning the contents of the record (or lack thereof).  (Doc. No. 8 at 2 n.1.)  The docket sheets for McCall's criminal cases reflect Notices of Appeal being filed on August 25, 2017.  (Doc. No. 8-1, Ex. 1, 2.)

[8] "As a motion for delayed appeal is not part of direct review, *see DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2003)," McCall "is not entitled to the ninety additional days to appeal to the United States Supreme Court." *Parsons v. Turner*, No. 3:12-cv-02300, 2014 WL 197781, at *4 (N.D. Ohio Jan. 14, 2014) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)).  *See also Lawrence*, 549 U.S. at 332 ("The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari.").  Furthermore, even if McCall was afforded an additional 90 days of statutory tolling, his Petition would still be untimely.

[9] The statute of limitations ran from July 28, 2017 through August 24, 2017, a period of 28 days.  That left 20 days on the AEDPA statute of limitations clock.

C.      **Equitable Tolling**

McCall asserts he is entitled to equitable tolling.  (Doc. No. 9 at 13.)  He states:

> The extraordinary circumstance that stood in his way is that the unilateral modification and breach occurred behind his back in secret between the prosecution and OAPA, as explained.  And the state courts and prosecution still do not want to disclose those ex parte communications, and McCall never discovered the true nature of those ex parte communications until the prosecution opposed his Shock Probation Motion on April 1st, 2016.  McCall has met his burden for the application of 28 U.S.C. § 2244(d)(1)(D)&(d)(2), and equitable tolling contrary to Respondent's contentions.  See *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

(*Id.*)  Respondent replied that notwithstanding these assertions, McCall "failed to file his instant habeas petition until over two years later, on November 29, 2018. . . . He has offered nothing that may successfully serve to either equitably or statutorily toll his AEDPA statute of limitations."  (Doc. No. 10 at 2.)

Although the Petition herein is untimely, the AEDPA statute of limitations period is also subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010).  Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010).  *See also Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011).  "Equitable tolling . . . asks whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law."  *Holland*, 560 U.S. at 650 (emphasis in original).

However, the equitable tolling doctrine is granted by courts only "sparingly."  *See Robertson*, 624 F.3d at 784.  Moreover, "although 'the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run,' the petitioner bears the ultimate burden of

15

persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

In order to be entitled to equitable tolling, a habeas petitioner must establish that (1) he has been pursuing his rights diligently; and, (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland,* 130 S.Ct. at 2565. *See also Hall*, 662 F.3d at 749; *Griffin*, 308 F.3d at 653. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum diligence." *Holland*, 130 S.Ct. at 2565. That being said, the Sixth Circuit has held that excessive delays in filing lack appropriate diligence. *See e.g. Keeling v. Warden*, 673 F.3d 452, 463–64 (6th Cir. 2012); *Vroman*, 346 F.3d at 605 (stating that a court should be "much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights"); *Henson v. Warden, London Correctional Inst.*, 620 Fed. Appx. 417, 419 (6th Cir. 2015).

The record reflects that after April 1, 2016, the day McCall maintains he became aware the State had been opposing his parole through *ex parte* communications, McCall waited seven months to file a motion for production of those records and communications. (Doc. No. 8-1, Ex. 1, 2.) It is true that after that point, he filed a number of motions and petitions for writs of mandamus and procedendo in the state courts. The Court understands that McCall was not served with a file-stamped copy of the trial court's February 22, 2017 decision denying his Post-Sentence Motion to Withdraw Guilty Plea to Correct Manifest Injustice and to Vacate Void Sentence until July 27, 2017. But still McCall waited approximately 16 months from the date he received that decision,[10] and at least nearly ten months from the Ohio Supreme Court's decision to decline to accept jurisdiction over his appeal of the trial court's

---

[10] As Respondent notes (Doc. No. 8 at 10), to the extent McCall "believed he needed to 'exhaust'" his habeas claims, as the United States Supreme Court explained in *Pace*, a petitioner can file "a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." (*Id.*) (citing and quoting *Rhines*, 544 U.S. at 278).

February 22, 2017 decision,[11] to file his habeas petition with this Court.  Therefore, the Court finds McCall has failed to demonstrate he has been reasonably diligent in pursuing his rights or that extraordinary circumstances prevented him from filing his federal habeas petition.  *See, e.g., Jackson v. Warden*, No. 1:12-CV-00230, 2013 WL 3221104, at *9 (S.D. Ohio June 25, 2013) ("While petitioner predominately focuses on his diligence in pursuing his state post-conviction remedies in response to the motion to dismiss, a showing of diligence at the state level is insufficient to merit equitable tolling.") (petitioner waited approximately nine months after Supreme Court of Ohio dismissed his appeal "before he 'sought out the assistance of a prison law clerk for the first time'"; court found "[s]uch a delay demonstrates a lack of diligence."); *Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004) (rejecting petitioner's argument that she was "entitled to equitable tolling because the seven month delay between the conclusion of the state postconviction proceedings and the time she filed her habeas petition was reasonable.").  *See also Keeling*, 673 F.3d at 464 ("Even after learning of the Court of Appeals's decision, Keeling did not diligently pursue his delayed appeal *or file a timely federal habeas petition*.") (emphasis added).

The Court also rejects any suggestion that McCall's *pro se* status and/or ignorance of the law constitute "extraordinary circumstances" warranting equitable tolling.  The Sixth Circuit has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).  *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Allen v. Bell*, 250 F. App'x 713, 716 (6th Cir. 2007); *Taylor v. Palmer*, 623 F. App'x 783, 789 (6th Cir. 2015).  *See also Johnson v. United States*, 544 U.S. 295, 311, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005) ("[w]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when

---

[11] This assumes *arguendo* McCall's August 25, 2017 delayed notice of appeal tolled the statute of limitations until the date of the Supreme Court of Ohio's decision.  Further, even if McCall was afforded an additional 90 days of statutory tolling after the Supreme Court of Ohio's decision, *see* n.7 *supra*, he still waited just shy of seven months to file his federal habeas petition.

a statute's clear policy calls for promptness"); *Patrick v. Bunting*, No. 1:15CV628, 2015 WL 10488878, at *9 (N.D. Ohio Dec. 29, 2015). Moreover, courts within this Circuit have found a petitioner's *pro se* status, lack of legal training, poor education, and/or limited law-library access, standing alone, are similarly insufficient. *See e.g., Hall*, 662 F.3d at 751 (petitioner's *pro se* status, limited law-library access and lack of access to trial transcript were not sufficient to warrant equitable tolling); *Keeling*, 673 F.3d at 464 ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing"); *Burden v. Bunting*, No. 5:15 CV 00967, 2016 WL 5417834, at *6 (N.D. Ohio July 15, 2016) ("Courts have uniformly held that neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling"); *Johnson v. LaRose*, No. 4:15-cv-2085, 2016 WL 5462635, at *10 (N.D. Ohio July 8, 2016) ("A petitioner's *pro se* status and his unawareness of the law provide no basis for equitable tolling"). Accordingly, and under the circumstances presented, the Court finds McCall has failed to demonstrate his *pro se* status, limited education, and/or lack of legal training constitute extraordinary circumstances justifying equitable tolling.

In sum, and for all the reasons set forth above, because McCall failed to exercise his rights diligently and no extraordinary circumstance prevented him from filing the instant Petition, the Court finds equitable tolling is not warranted in this case.

E.    **Actual Innocence**

In *McQuiggin v. Perkins*, ––– U.S. –––, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the United States Supreme Court held that actual innocence, if proven, may overcome the expiration of AEDPA's one-year statute of limitations.  The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1).  *Id*. at 1931.

18

For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).  The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare" and "'[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329).  In making this assessment, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id*. (quoting *Schlup*, 513 U.S. at 332).

Here, McCall does not argue he is actually innocent, nor does he identify any new, reliable evidence of his actual innocence.  Furthermore, in light of his guilty pleas, McCall would have to "overcome the significant burden of his guilty plea[s]" in making such an actual innocence claim. *Hudach v. Money*, No. 3:04 CV 7192, 2007 WL 1560551, at *13 (N.D. Ohio May 25, 2007).  The Court finds McCall has not demonstrated he is entitled to the actual innocence exception.  Accordingly, and for all the reasons set forth above, the Court finds McCall has not demonstrated he is entitled to the actual innocence exception.

### IV. Non-cognizability

Respondent argues even if Grounds Three and Four are not time-barred, they still must be dismissed as non-cognizable "because the Court lacks jurisdiction to consider challenges to the state court decisions on matters of state law."  (Doc. No. 8 at 17.)  As neither Ground "dispute[s] his underlying conviction or detention," Respondent maintains "they fail to raise [cognizable] habeas grounds for relief." (*Id.* at 18.)

19

McCall responds that with respect to Ground Three, Respondent's "contention is contrary to law." (Doc. No. 9 at 19-20) (collecting cases).  McCall failed to respond to Respondent's assertions regarding the non-cognizability of Ground Four.  (Doc. No. 12.)

In Ground Three, McCall argues he was denied due process and equal protection in violation of the United States Constitution when he was "denied copies of his trial transcript (Change of Plea and Sentencing Hearings), written plea contract, and the written *ex parte* communications from the prosecution to the Ohio Adult Parole Authority opposing parole and requesting maximum sentence when said documents are needed to prove the prosecution breached the plea contract through unilateral modification."  (Doc. No. 1 at 7.)  In Ground Four, McCall argues he was denied due process of law in violation of the United States Constitution "when the state courts refused to toll the filing deadline for filing the notice of appeal in violation of Ohio Civ. R. 58(B), though Ohio Crim. R.54 & 57."  (*Id.*)

It is well established that, in conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).  As such, the Supreme Court has explained "it is not the province of a federal habeas court to reexamine state-court decisions on state-law questions."  *Id.* at 67-68.  *See also Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007); *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001).  Stated another way, a state court's interpretation of state law is binding upon a federal habeas court.  *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005); *Bibbs v. Bunting*, 1:16-cv-02069, 2017 WL 4083558, at *15 (N.D. Ohio May 17, 2017).  *See also Thompson v. Williams*, 685 F. Supp. 2d 712, 721 (N.D. Ohio 2010) (stating "a federal court may not second-guess a state court's interpretation of its own procedural rules.") (citing *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988)).

"[S]tates have no constitutional obligation to provide post-conviction remedies." *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). Further, as the Sixth Circuit has explained:

> As the district court noted, the Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review. *See Kirby v. Dutton,* 794 F.2d 245, 246-47 (6th Cir.1986); *Roe v. Baker,* 316 F.3d 557, 571 (6th Cir.2002). We have clearly held that claims challenging state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because " 'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.' " *Kirby,* 794 F.2d at 246 (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)); *see also Pennsylvania v. Finley,* 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." (citation omitted)). A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not "result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention." *Kirby,* 794 F.2d at 247. "Though the *ultimate* goal in" a case alleging post-conviction error "is release from confinement, the result of habeas review of the specific issue[ ] ... is not in any way related to the confinement." *Id.* at 248. Accordingly, we have held repeatedly that "the scope of the writ [does not] reach this second tier of complaints about deficiencies in state post-conviction proceedings," noting that "the writ is not the proper means" to challenge "collateral matters" as opposed to "the underlying state conviction giving rise to the prisoner's incarceration." *Id.* at 248, 247; *see also Alley v. Bell,* 307 F.3d 380, 387 (6th Cir.2002) ("error committed during state post-conviction proceedings can not [*sic* ] provide a basis for federal habeas relief" (citing *Kirby,* 794 F.2d at 247)); *Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir.2001) ("habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief").

*Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007). *Cf. Hicks v. Bobby*, No. 1:05CV2722, 2006 WL 3256512, at *8 (N.D. Ohio Nov. 9, 2006) ("It is well established that a state court must provide an indigent defendant a copy of his *trial transcripts* and court records so that the defendant may prosecute his

*direct appeal.*") (citing *Griffin v. Illinois*, 351 U.S. 12, 19 (1956)) (emphasis in original); *Greene v. Brigano*, 123 F.3d 917, 920-22 (6th Cir. 1997) (concerning access of an indigent prisoner to a copy of the trial transcript on direct appeal).

The Court finds Respondent's argument that Grounds Three and Four of the Petition are not cognizable on federal habeas corpus review well-taken.  The Court notes again McCall failed to respond to Respondent's argument that any claim that the state courts erred in refusing to toll the filing deadline for his notice of appeal is not cognizable.  Accordingly, and for all the reasons set forth above, the Court recommends that in addition to McCall's claims being dismissed as time-barred, Grounds Three and Four also be dismissed as non-cognizable.

### V. McCall's Motions

In his opposition to Respondent's Motion to Dismiss, McCall summarily requested an evidentiary hearing.  (Doc. No. 9 at 1, 22.)  He also requested "leave to conduct discovery and expand the record," specifically that the Court:

> [I]ssue an ORDER compelling Respondent to produce the transcript of the change of plea and sentencing hearing and written plea agreement, if possible, including "all" the ex parte communications between the Cuyahoga County, Ohio Prosecutorial Agents and the OAPA opposing parole and demanding service of the maximum of the indefinite sentence, whether placed on the criminal docket or not; that this Court issue an ORDER to expand the record regarding the affixed documents and any future documents provided by Respondent if compelled; which also incorporates an ORDER to conduct Discovery regarding the same . . .

(*Id.* at 22.)

Respondent did not oppose McCall's "motion to expand the record to include the pleadings attached to his Traverse (Doc. 9) that are a part of his state court record."  (Doc. No. 10 at 1.)  However, Respondent opposed any motion to compel the production of documents, any request for discovery, and

22

any evidentiary hearing on "McCall's time-barred, non-cognizable, and plainly meritless grounds for relief." (*Id.* at 1-2.)

### 1.  Request for Evidentiary Hearing

A habeas petitioner's entitlement to an evidentiary hearing is federal court is greatly circumscribed, particularly where the petitioner seeks review of claims adjudicated by the state courts. *See* 28 U.S.C. § 2254(e)(2); *Cullen v. Pinholster*, — U.S. —, 131 S.Ct. 1388, 1398 (2011) (finding that "review under § 2254 is limited to the record that was before the state court that adjudicated the claim on the merits").  The Court is not persuaded an evidentiary hearing is warranted under the circumstances presented.  To the contrary, and upon careful review, the Court finds McCall's Petition and Respondent's defenses involve legal issues which can be independently resolved without additional factual inquiry.

### 2.  Motion to Expand the Record

Expansion of the record in habeas cases "is not mandatory . . . and is left to the discretion of the trial judge."  *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988).  *See also Beuke v. Houk*, 537 F.3d 618, 653 (6th Cir. 2008).  As Respondent does not oppose the expansion of the record to include the pleadings from McCall's state court record attached to his Traverse (Doc. No. 9), the Court GRANTS IN PART McCall's motion to expand the record to include these attachments.   McCall's motion to compel Respondent to produce "the transcript of the change of plea and sentencing hearing and written plea agreement, if possible, including 'all' the ex parte communications between the Cuyahoga County, Ohio Prosecutorial Agents and the OAPA opposing parole and demanding service of the maximum of the indefinite sentence, whether placed on the criminal docket or not" is DENIED, as is his motion to expand the record to include those documents.

### 3.  Motion to Conduct Discovery

"[U]nlike the usual civil litigant in federal court, [a habeas petitioner] is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rule 6 of the Rules Governing Section 2254 Cases allows the discovery available under the Federal Civil Rules "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to [take discovery], but not otherwise."  Habeas Rule 6(a).  "Good cause" for discovery exists only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)) (ellipsis in original).  Habeas Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations."  *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quotation marks omitted).  Instead, McCall must show good cause for discovery through "specific allegations of fact."  *Id.* (quotation marks omitted).

As the Court recommends finding McCall's Petition is time-barred, McCall fails to establish good cause to justify discovery as he is unable to demonstrate he may, "if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)) (ellipsis in original).  Upon careful review, the Court finds McCall's Petition and Respondent's defenses involve legal issues which can be independently resolved without additional factual inquiry.  Therefore, McCall's motion for leave to conduct discovery is DENIED.

### VI. Conclusion

For the foregoing reasons, it is recommended the Court find that the instant Petition is time-barred under § 2244(d)(1).  It is further recommended Respondent's motion to dismiss (Doc. No. 8) be GRANTED and the Petition be DISMISSED.  McCall's Motion to Expand the Record (Doc. No. 9) is

GRANTED IN PART AND DENIED IN PART.  McCall's Motions to Compel, for Leave to Conduct Discovery, and for an Evidentiary Hearing (Doc. No. 9) are DENIED.

Date:  May 5, 2020                                          _s/ Jonathan Greenberg_
                                                                      Jonathan D. Greenberg
                                                                      United States Magistrate Judge

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  _See United States v. Walters_, 638 F.2d 947 (6th Cir. 1981); _Thomas v. Arn_, 474 U.S. 140 (1985), _reh'g denied_, 474 U.S. 1111 (1986).**